UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERALD SMIT, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF TOMS RIVER NJ, et al.,<br><br>Defendants. | Civil Action No. 22-2594 (GC) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge**.

Pending before the Court is a Motion by Plaintiff, *pro se*, Gerald Smit ("Plaintiff"), seeking Leave to File a Second Amended Complaint (the "Motion for Leave to Amend") (Dkt. No. 37). Defendant County of Ocean ("Ocean County") and Defendant Township of Toms River ("Toms River") both oppose the Motion, (Dkt. No. 42, 43), to which Plaintiff has replied, (Dkt. No. 44, 45). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Motion for Leave to Amend is **GRANTED**.

**I.      BACKGROUND**

As the facts are well-known to the parties and the Court, they are not set forth at length herein. Instead, only those facts and procedural history related to the instant application are discussed herein.

By way of background, this action arises out of Plaintiff's allegations relating to certain property tax assessments on his real property located in Toms River. (*See generally* Dkt. No. 1). On May 2, 2022, Plaintiff filed his Complaint, (Dkt. No. 1), and, on July 26, 2022, Plaintiff filed his Amended Complaint, (Dkt. No. 14). In response to the Amended Complaint, Toms River and Ocean

County filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. Nos. 27, 31). Plaintiff opposed those motions to dismiss, (Dkt. Nos. 33, 40, 41), to which Ocean County replied, (Dkt. No. 34).

While the motions to dismiss by Toms River and Ocean County were pending, on February 21, 2023, Plaintiff the instant Motion for Leave to Amend. (Dkt. No. 37). Through the proposed Second Amended Complaint, it appears as if Plaintiff seeks to add additional claims for relief based on the same alleged underlying conduct. (*See* Dkt. No. 1, 37). Toms River and Ocean County oppose the Motion for Leave to Amend, based on futility, asserting much of the same arguments raised in their respective motions to dismiss. (*See* Dkt. Nos. 42, 43). In reply, Plaintiff argues that the proposed amendments are not futile. (*See* Dkt. No. 44, 45).

## II.     LEGAL STANDARD

Plaintiff seeks leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Pursuant to Rule 15(a)(2), a party may amend its pleading upon the opposing party's written consent or with leave of Court. Fed. R. Civ. P. 15(a)(2). Courts will freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) the amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civil No. 15-5909 (KM), 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Notable here, an amendment is futile if it "is frivolous or advances a claim or defense that is

legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

### III. DISCUSSION

Here, Ocean County and Toms River oppose the Motion for Leave to Amend on futility only. Indeed, their arguments on the Motion for Leave to Amend overlap extensively with the arguments made in support of their respective motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Exercising its discretion, the Court will not consider these arguments in connection with its review of the Motion for Leave to Amend. *See Colombo v. Bd. of Educ. for the Clifton Sch. Distr.*, No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (citing *in re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)). Rather, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Id.* (citations omitted).

Accordingly, Plaintiff's Motion for Leave to Amend is hereby GRANTED. Ocean County and Toms River, however, may renew their motions to dismiss following the filing of Plaintiff's Second Amended Complaint.

### IV. CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS**, **THEREFORE**, on this **24th** day of **August 2023**,

ORDERED that Plaintiff's Motion for Leave to Amend (Dkt. No. 37) is hereby **GRANTED**; and it is further

ORDERED that Plaintiff shall file his Second Amended Complaint within seven (7) days of entry of this Order; and it is further

ORDERED that Defendants shall file a response to the Second Amended Complaint within fourteen (14) days of the filing of the Second Amended Complaint; and it is further

ORDERED that the Clerk of the Court shall terminate the Motion pending at Docket Entry No. 37.

**SO ORDERED**.

*/s/ Rukhsanah L. Singh*
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**