NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERALD SMIT,<br><br>    Plaintiff,<br><br>v.<br><br>TOWNSHIP OF TOMS RIVER NJ, et al.,<br><br>    Defendants. | Civil Action No. 22-02594 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

**CASTNER, United States District Judge**

This matter comes before the Court on Defendants County of Ocean's and Township of Toms River's motions to dismiss Plaintiff Gerald Smit's Second Amended Complaint. (ECF Nos. 47, 48, 50.) Smit opposed, and Defendants replied. (ECF Nos. 53, 54, 57, 58.) The Court carefully considered the parties' submissions and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Toms River's motion is **GRANTED**, and Ocean County's motion is moot.

**I.  BACKGROUND**

The premise of this case is that Toms River repeatedly overvalues properties for tax-assessment purposes, including Smit's secondary property in Barrier Island. (ECF No. 47 at 10.)[1] Smit, a resident of Bridgewater, New Jersey, alleges that Toms River declared that his Barrier

---

[1]  For a detailed recitation of the procedural and factual background, see *Smit v. Twp. of Toms River NJ*, Civ. No. 22-2594, 2022 WL 20679663 (D.N.J. Aug. 5, 2022) (denying Smit's order to show cause seeking preliminary injunctive relief), and *Smit v. Twp. of Toms River NJ*, Civ. No. 22-2594, 2023 WL 5487437 (D.N.J. Aug. 24, 2023) (granting Smit's motion for leave to amend).

Island house is "Structurally Damaged" and, as such, must be demolished. (*Id.* at 7-8.) Yet appraisers continue to raise Smit's property value, citing as justification three "comparable" parcels whose structures, according to Smit, are not "at all similar to [Smit's] structure." (*Id.*) Those structures are "new," "raised to be two stories," "dimensionally larger," and not "under an order to be demolished." Smit's structure, in contrast, "was built in 1951, is on a slab, frequently floods, and has been designated 'Substantially Damaged'" such that it must be demolished. (*Id.* at 8.) The appraisers' tax valuations also disregard the occasional flooding that "severely impacts the market value" of the properties. (*Id.* at 9.)

Smit also claims that Toms River is preventing him from saving his property. Toms River allegedly denied Smit's application for a building permit to replace his roof, reasoning that his structure is classified as Substantially Damaged. (*Id.* at 8.) In effect, Smit says, Toms River is coercing him to demolish his structure rather than repair it. (*Id.*)

Smit, individually and on behalf of all others similarly situated, brings this class action against Ocean County and Toms River. The proposed class includes all Barrier Island property owners who "have been adversely impacted by fraudulent real property tax valuations." (*Id.* at 5.) In a 19-count complaint, Smit challenges Defendants' tax assessment methods, "substantially damaged" determinations, and building-permit denials, as well as Toms River's preventing Barrier Island homeowners from accessing their homes in the immediate aftermath of Hurricane Sandy. Smit claims that this conduct violates federal and state law, including the Racketeer Influenced and Corrupt Organizations Act, the Takings Clause under the Fifth Amendment to the United States Constitution, the Due Process Clause under the Fourteenth Amendment to the United States Constitution, and federal and state criminal extortion statutes. Smith also seeks the "deannexation of the non-contiguous lands of Toms River Township." (*Id.* at 18-49.) For his relief, Smit seeks

2

money damages and an order "preventing the recent Toms River property tax revaluation from taking effect or, alternatively, to be rolled-back, until the appropriate legal, data and statistical analyses issues are resolved." (*Id.* at 49-50.)

Toms River's and Ocean County's motions followed.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)—Lack of Subject-Matter Jurisdiction

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Solar*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the

protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

### B. Rule 12(b)(6)—Failure to State a Claim Upon Which Relief Can Be Granted

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

Rule 8(a) does not require a complaint to contain detailed factual allegations. Still, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("Rule 8 requires a 'showing,' rather than a blanket assertion, of entitlement to relief." (citation and some quotation marks omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see, e.g.*, *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Though "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.  DISCUSSION

The basis for Smit's action is threefold: (1) Toms River uses inappropriate tax assessment methods, (2) Toms River is coercing Smit to demolish his "substantially damaged" house instead of repairing it, and (3) Toms River prevented Barrier Island homeowners from accessing their homes in the immediate aftermath of Hurricane Sandy.

### A.  Subject-Matter Jurisdiction

Toms River argues that the Tax Injunction Act deprives this Court of jurisdiction over the tax issues that form the basis of Smit's case. The Court agrees.

The Tax Injunction Act states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Coupled together, the Tax Injunction Act and the principles of comity discussed in *Fair Assessment in Real Estate*

5

*Association, Inc. v. McNary*[2] "make it clear that a federal court cannot entertain a suit posing either an equitable or legal challenge to state or local taxes" if the state provides an adequate remedy. *Kerns v. Dukes*, 153 F.3d 96, 101 (3d Cir. 1998). "The Tax Injunction Act does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review." *Gass v. Cnty. of Allegheny, Pa.*, 371 F.3d 134, 139 (3d Cir. 2004).

Smit argues, without citing authority, that New Jersey's entire controversy doctrine "waive[s] all bars of the Federal Tax Injunctive Act." (ECF No. 54 at 6.) The entire controversy doctrine "requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Kaul v. Christie*, 372 F. Supp. 3d 206, 238 (D.N.J. 2019) (citation omitted). The Court is not convinced that the doctrine trumps the Tax Injunctive Act. The Court instead finds that Smit could obtain effective relief through the appeals process provided under N.J. Stat. Ann. § 54:3 *et seq.* The Tax Injunction Act therefore bars Smit from suing in federal court over the methodology used to calculate tax assessments. In consequence, the Court lacks subject-matter jurisdiction over Smit's tax-related claims.

### B. Failure to State a Claim

Smit's only federal claims are his RICO, Fifth Amendment takings, and Fourth Amendment due process claims.[3] The Court analyzes each of them.

---

[2]   454 U.S. 100 (1981).

[3]   Smit's claim for extortion under 18 U.S.C. § 875 is not cognizable. *See Jones v. NJTA/EZPASS NJ*, Civ. No. 22-3394, 2023 WL 4189616, at *3 (D.N.J. June 22, 2023) ("18 U.S.C. § 875 does not authorize a private cause of action." (citation omitted)).

1.  Federal RICO

First is Smit's federal RICO claim. "[M]unicipal entities," like Toms River and Ocean County, "are not subject to suit under RICO." *Chey v. LaBruno*, 608 F. Supp. 3d 161, 185 n.21 (D.N.J. 2022); *see Heinemeyer v. Twp. of Scotch Plains*, 198 F. App'x 254, 256 (3d Cir. 2006) (finding that a municipal defendant was immune from RICO claims for allegedly overcharging property taxes); *Kadonsky v. New Jersey*, 188 F. App'x 81, 84-85 (3d Cir. 2006) (affirming the dismissal of federal and state RICO claims against Somerset and Hunterdon counties and their respective county prosecutor offices because "municipal entities are immune from suit"); *Cortez-Ortiz v. City of Jersey City*, Civ. No. 16-2319, 2016 WL 5858647, at *1 (D.N.J. Oct. 5, 2016) ("[A] nearly overwhelming weight of authority . . . holds that civil RICO claims cannot be maintained against municipalities and municipal officers." (collecting cases) (internal quotation marks omitted)). So Smit's federal RICO claim against Toms River and Ocean County cannot proceed.

2.  Fifth Amendment Taking

Next is Smit's takings claim under the Fifth Amendment. "A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 185 (2019). Here, Smit implies two bases for his takings claim: (1) Toms River's improper tax assessment methods, and (2) Toms River's coercing Smit to demolish his "substantially damaged" house instead of repairing it. Neither basis can support his claim.

First, "[i]t is beyond dispute that '[t]axes and user fees . . . are not 'takings.'" *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 615 (2013) (quoting *Brown v. Legal Found. of Washington*, 538 U.S. 216, 243 n.2 (2003)).

Second, Smit's takings claim is unripe. *See Cowell v. Palmer Twp.*, 263 F.3d 286, 290 (3d Cir. 2001) ("[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the [Takings] Clause until it has used the procedure and been denied just compensation." (citation omitted)); *Fisher v. Pratt*, Civ. No. 19-273, 2020 WL 773262, at *7 (D.N.J. Feb. 18, 2020) ("Plaintiff's 'continuing possessory interest in the property prevents him from establishing a Takings Clause violation.'" (quoting *Munoz v. City of Union City*, 481 F. App'x 754, 759 (3d Cir. 2012))). Smit does not contend that he sought just compensation but was denied; he alleges that Toms River's "agency action hearings" are adjudicated by non-neutral decision-makers appointed by, and thus partial to, Toms River. (ECF No. 47 at 32-33.) Regardless, that Smit still possesses the property precludes his takings claim.

Thus, Smit's takings claim cannot proceed.

### 3. Fourteenth Amendment Procedural Due Process

Last is Smit's due process claim. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV. The Fourteenth Amendment's Due Process Clause has a procedural and substantive component. *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 138-39 (3d Cir. 2000). Smit invokes the procedural component.

To state a claim for deprivation of procedural due process, a plaintiff must demonstrate that (1) he was deprived of an individual interest included within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

8

Like his takings claim, Smit's procedural due process claim rests on Toms River's tax assessment methods and "substantially damaged" determinations. And again, Smit alleges that Toms River's "agency action hearings" are adjudicated by Toms River-appointed decision-makers. The lack of a "fair and unbiased hearing," Smit alleges, "perpetuate[s] the deprivation of [Smit's] property rights." (ECF No. 47 at 32-33.) But again, Smit does not contend that he followed the statutory processes available for challenging property tax assessment or "substantially damaged" determinations before suing here. (*See generally id.* at 31-36; ECF No. 54 at 10-11.) *See* N.J. Stat. Ann. § 54:3-21 (setting forth the process to appeal property tax assessments). He only attacks the integrity of the process and complains that the municipalities charge fees for hearings. The Court cannot find that Smit has alleged a procedural due process claim where he did not avail himself of the process.

Thus, Smit's due process claim cannot proceed.

### C.  Supplemental Jurisdiction

The federal claims have been dismissed. As a result, the Court "*must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Masco*, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). Smit has not provided the Court with any such considerations. Therefore, the Court declines to exercise supplemental jurisdiction over Smit's remaining, non-federal claims. *See A.S. v. Ocean Cnty. Fire Acad.*, Civ. No. 19-11306, 2021 WL 1169013, at *4 (D.N.J. Mar. 26, 2021).

IV.     **CONCLUSION**

For the reasons set forth above, Toms River's motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) is **GRANTED**. Because the Court lacks subject-matter jurisdiction over Smit's federal claims and declines to exercise supplemental jurisdiction over the balance of the complaint, Ocean County's motion to dismiss for insufficient service of process under Rule 12(b)(5) is moot. Smit's complaint is **DISMISSED** without prejudice. An appropriate Order follows.

Dated: June 25, 2024

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**