NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GERALD SMIT,<br><br>               Plaintiff,<br><br>   v.<br><br>TOWNSHIP OF TOMS RIVER NJ, et al.,<br><br>               Defendants. | Civil Action No. 22-02594 (GC) (RLS)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

This matter comes before the Court on Plaintiff Gerald Smit's Motion for Reconsideration of the Court's June 25, 2024 Order dismissing Plaintiff's Second Amended Complaint (SAC), or alternatively, to accept Plaintiff's Third Amended Complaint (TAC). (ECF No. 62.) Defendants County of Ocean and Toms River opposed, and Smit replied. (ECF Nos. 63-65, 71-72.) Smit also moves for sanctions against Toms River. (ECF No. 73.) The Court carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Smit's Motions (ECF Nos. 62, 73) are **DENIED**.

**I.     BACKGROUND**

The premise of this case is that Toms River repeatedly overvalues properties for tax-assessment purposes, including Smit's secondary property in Barrier Island. (ECF No. 47 at 10.)[1]

---

[1]     For a detailed recitation of the procedural and factual background, see *Smit v. Twp. of Toms River NJ*, Civ. No. 22-2594, 2022 WL 20679663 (D.N.J. Aug. 5, 2022) (denying Smit's order to show cause seeking preliminary injunctive relief); *Smit v. Twp. of Toms River NJ*, Civ. No. 22-2594, 2023 WL 5487437 (D.N.J. Aug. 24, 2023) (granting Smit's motion for leave to amend);

Toms River also allegedly denied Smit's application for a building permit to replace his roof, which Smit contends will effectively coerce him to demolish his structure rather than repair it. (*Id.* at 8.)

Smit brought this class action against Ocean County and Toms River in a 19-count Second Amended Complaint (SAC), challenging Defendants' tax assessment methods, building-permit denials, and temporary prevention of homeowners from accessing their homes in the immediate aftermath of Hurricane Sandy. Smit claimed that this conduct violates federal and state law, including the Racketeer Influenced and Corrupt Organizations (RICO) Act, the Takings Clause under the Fifth Amendment to the United States Constitution, the Due Process Clause under the Fourteenth Amendment to the United States Constitution, and federal and state criminal extortion statutes. (*Id.* at 18-49.)

On June 25, 2024, the Court granted Toms River's motion to dismiss the SAC and denied the County of Ocean's motion as moot. (ECF Nos. 59, 60.) *See Smit*, 2024 WL 3201156, at *1-5. The Court held that it lacked subject-matter jurisdiction over the tax issues that formed most of Smit's claims under the Tax Injunction Act, which states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id.* at *3. Next, the Court dismissed Smit's remaining federal claims under RICO, Fifth Amendment Takings, and Fourteenth Amendment Due Process for failure to state a claim, as well as Smit's claim for extortion under 18 U.S.C. § 875, which does not authorize a private right of action. *Id.* at *3-5. Finally, the Court declined to exercise supplemental jurisdiction over Smit's remaining non-

---

*Smit v. Twp. of Toms River NJ*, Civ. No. 22-02594, 2024 WL 3201156 (D.N.J. Jun. 25, 2024) (granting Toms River's motion to dismiss the SAC).

federal claims. *Id.* at *5. The Court closed the matter and ordered that Smit may have the case reopened if, within 30 days, he filed an amended complaint curing the deficiencies set forth in the Court's June 25, 2024 Memorandum Opinion. (ECF No. 60.)

On July 26, 2024, Smit filed the present Motion for Reconsideration, or alternatively, to accept the TAC attached to his Motion. (ECF No. 62.) On September 6, 2024, Smit moved for Rule 11 sanctions against Toms River, accusing it of "false and misleading assertions" when it argued that if Smit had "followed existing administrative procedures," he would have "receive[d] the required fair due process." (ECF No. 73 at 3-4.)

## II.   LEGAL STANDARD

In the District of New Jersey, "Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision 'upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.'" *Solid Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 59 (D.N.J. 2021) (quoting *Agostino v. Quest Diagnostics Inc.*, Civ. No. 04-4362, 2010 WL 5392688, at *5 (D.N.J. Dec. 22, 2010)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

"Third Circuit jurisprudence dictates that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice." *Id.* at 59-60 (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 676 (3d Cir. 1999)).

Motions for reconsideration are "to be granted only sparingly," and they "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior

3

to the entry of judgment.'" *Id.* at 59 (quoting *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). "Mere 'disagreement with the Court's decision' does not suffice." *Rich v. State*, 294 F. Supp. 3d 266, 273 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, Civ. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)).

### III.   DISCUSSION

#### A.   Motion for Reconsideration

Smit does not ask or assert any basis for reconsideration of the Court's dismissal of Smit's RICO, Fifth Amendment Takings, Fourteenth Amendment Due Process, and federal extortion claims. Instead, Smit challenges only the Court's conclusion that it lacks subject-matter jurisdiction over the tax issues that form the basis of Smit's case under the Tax Injunction Act. (*See* ECF No. 62 at 2-7.) Smit does not present any intervening change in relevant law or evidence, but argues that the Court erred when holding that it lacks subject-matter jurisdiction. (*Id.*)

In its June 25, 2024 Memorandum Opinion, the Court rejected Smit's argument that New Jersey's entire controversy doctrine "waive[s] all bars of the Federal Tax Injunctive Act," noting that Smit provided no supporting authority. *Smit*, 2024 WL 3201156, at *3. The Court instead found that Smit could obtain effective relief through the appeals process provided under N.J. Stat. Ann. § 54:3 *et seq. See id.* In arguing that the Court erred, Smit cites no legal authority other than an unnamed case from 1985, in which Smit claims that his father-in-law successfully argued that New Jersey's entire controversy doctrine precluded a hospital from asserting a claim that it had failed to bring in the father-in-law's previous suit against the hospital for negligence. (ECF No. 62 at 3-4.)

Even accepting Smit's purported authority at face value, the Court finds his argument unavailing. If the entire controversy doctrine were to "trump the federal Tax Injuncti[on] Act"—

which the Court has already held that it does not—Smit does not explain how such a ruling would afford the Court with subject-matter jurisdiction over his tax-related claims.  (*See id.*)  *Smit*, 2024 WL 3201156, at *3.  As the Court explained, "a federal court cannot entertain a suit posing either an equitable or legal challenge to state or local taxes" if the state provides an adequate remedy.  *Id.* (citing *Kerns v. Dukes*, 153 F.3d 96, 101 (3d Cir. 1998)).

Smit insists that it is "futile for [him] to engage in any of the appeals procedure[s] that Tom[s] River asserts."  (ECF No. 62 at 6.)  He concedes that although "these remedies may have existed at some past time, they are not presently available . . . [n]or will they be available at a future time," for example, because he did not timely seek relief through the appeals process with the Ocean County Board of Taxation provided under N.J. Stat. Ann. § 54:3 *et seq.*  (ECF No. 73 at 6.)  Toms River points out that, as the Court previously noted, Smit can still obtain relief through the appeals process under § 54:3 for tax year 2025 as long as he files before April 1, 2025.  (ECF No. 71.)  *See Smit*, 2024 WL 3201156, at *3.  Even if Smit is correct that he is no longer able to seek this relief, the "Tax Injunction Act does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review."  *Gass v. Cnty. of Allegheny, Pa.*, 371 F.3d 134, 139 (3d Cir. 2004).  Having been presented no error of fact or law that, if left uncorrected, would result in manifest injustice, the Court denies Smit's Motion for Reconsideration.

    **B.**    **Failure to State a Claim**

When determining whether a proposed amended pleading is frivolous or insufficient on its face, the Court utilizes the motion to dismiss standard under Rule 12(b)(6), accepting as true all well-pleaded facts and drawing all reasonable inferences in favor of the plaintiff.  *See Bonds v.*

*N.J. Judiciary Admin. of the Ct.*, Civ. No. 19-18983, 2024 WL 2091119, at *8 (D.N.J. May 9, 2024) (citations omitted).

Smit's proposed TAC incorporates the SAC in its entirety "with the exception that all stated claims and remedies therein are included only for the facts presented and are not included or carried in this document as actual claims or remedies. As such, claims one through eighteen are no longer included as claims within this Third Amended Complaint." (ECF No. 62-1 at 2.) The Court had ordered that the case may be reopened only to the extent Smit can cure the deficiencies identified in the June 25, 2024 Memorandum Opinion. But Smit has not attempted to replead Counts One through Eighteen and appears to have abandoned them. *See also Sevajian v. Castro*, Civ. No. 20-1591, 2022 WL 17733675, at *3 n.1 (D.N.J. Dec. 6, 2022) ("Plaintiff appears to have abandoned his negligent hiring claim, as he did not offer any argument in opposition to Defendants' motion to dismiss this claim."). An order dismissing claims without prejudice becomes final when "the plaintiff cannot amend or declares his intention to stand on his complaint." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992). By not repleading within the 30 days granted by the Court, Smit has elected to "stand on his complaint," and the Court's June 25, 2024 Order has been rendered final for claims dismissed under Rule 12(b)(6) and for lack of subject-matter jurisdiction. *See id.* Any state-law claims remain dismissed without prejudice. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (citations and internal footnote omitted)).

Smit's only new claim for relief in the TAC is labeled as Count Nineteen: "Unlawful FEMA Substantially Damaged Determinations," in which Smit challenges FEMA's "substantially

6

damaged" determinations regarding Smit's property under the Fifth and Fourteenth Amendments and state and federal criminal extortion statutes. (*See* ECF No. 62-1 at 2-9.) But Smit pled the same purported cause of action in Count Five of his SAC. (ECF No. 47 at 37-39.) In its previous Memorandum Opinion, the Court rejected these same arguments when dismissing Smit's claims under the Fifth and Fourteenth Amendments. *See Smit*, 2024 WL 3201156, at *4. Smit adds further legal arguments but pleads no additional facts to change the Court's conclusion that "taxes and user fees . . . are not 'takings,'" Smit's "takings claim is unripe," and that the "Court cannot find that Smit has alleged a procedural due process claim where he did not avail himself of the process." *Id.* Allowing Smit to file the TAC would be futile because his claims remain legally insufficient on their face. *See Bonds*, 2024 WL 2091119, at *8 (quoting *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). Accordingly, the Court denies Smit's motion to the extent he seeks to file his proposed TAC.

    **C.**    **Motion for Sanctions**

Finally, the Court denies Smit's request for sanctions against Toms River under Rule 11 for making alleged "false legal contentions" that if Smit "had merely followed existing administrative procedures, both for the recent revaluation assessment appeal and for the Hurricane Sandy structural substantially damaged determinations, that [Smit] would receive the required fair due process." (ECF No. 73 at 4.)

Although Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims, "sanctions are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Paris v. Pennsauken Sch. Dist.*, Civ. No. 12-7355, 2013 WL 4047638, at *6 (D.N.J. Aug. 9, 2013) (quoting *Goldenberg v. Indel, Inc.*, Civ. No. 09-5202, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011)). Here, Smit's arguments amount to

7

his disagreement with Toms River's positions and do not identify any frivolous legal filings, much less a filing where "the evident frivolousness of a claim or motion amounts to an 'abuse[] of the legal system." *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

### IV. <u>CONCLUSION</u>

For the reasons set forth above, and other good cause shown,

**IT IS** on this 2nd day of January, 2025, **ORDERED** as follows:

1. Smit's Motions (ECF Nos. 62, 73) are **DENIED**. The Clerk is directed to **TERMINATE** the Motions pending at ECF Nos. 62 and 73.

2. The matter shall remain closed.

*[signature]*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**